OSCAR C. BAKER v. THE STATE.

No. 3474.   Decided October 17, 1906.

**Assault to Murder—Statement of Facts—Stenographer's Report—Twenty Day Order—Statutes Construed.**

The Act of the Twenty-Ninth Legislature, page 219, authorizing stenographic reports of the evidence does not repeal articles 1379 to 1382, Revised Statutes of 1895, as to preparing statement of facts. It is the duty of appellant to use his best efforts to procure the same from the stenographer; and where the court adjourned on March 30, 1906, entering a twenty-day order for filing of statement of facts after the adjournment of the term, and the same was not approved until the 21st day of April, 1906, and not filed until the 23rd of that month, and the record showed that the appellant's counsel made no effort to hurry the stenographer in the preparation of the statement or that he exercised any diligence to procure the statement from him, or that he applied to the judge for an order to have the stenographer prepare the statement, there was no sufficient diligence. Following Mundine v. State, recently decided. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Scurry.   Tried below before the Hon. H. R. Jones.

Appeal from a conviction of assault with intent to murder; penalty, nine years in the penitentiary.

The opinion states the case.

*W. E. Ponder* and *F. G. Thurmond,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Under an indictment charging appellant with assault to murder, while disguised, he was convicted, and his punishment fixed at nine years confinement in the penitentiary.

The term of court at which this conviction occurred, adjourned on March 30, 1906. There is an order of record allowing twenty days after the adjournment of the term, in which to file statement of facts; but no such order was granted with reference to bill of exceptions. The statement of facts was filed on April 23, 1906. After the adjournment of the term, the court stenographer (whom appellant agreed to pay for making up the statement of facts) left Snyder (the county seat, where the court was held) and went to Clairemont, Kent County, some forty-five miles from Snyder. The stenographer prepared the

statement of facts, and sent the same to Joe Boyd (living at Snyder, and so far as this record shows a private citizen in no way connected with this case), who received the statement on April 13, 1906. Appellant's attorneys knew nothing of the arrival of the statement of facts, until Sunday, April 15, 1906, and secured the information from C. R. Buchanan, the clerk of the district court of Scurry County. Appellant's counsel being informed that Boyd had the statement, sent for him, and was informed by Boyd that the statement was received on April 13, with instructions to turn over to C. C. Higgins, district attorney. The district attorney was absent from Scurry County, attending court at Clairemont: and did not arrive home at Snyder, until Tuesday evening, April 17. On Monday morning, April 16, appellant's counsel went to the office of Joe Boyd, for the purpose of getting said statement of facts, in order to examine the same, and for the further purpose of preparing bills of exception therefrom, and was apprised by said Boyd that the stenographer had instructed him to deliver the same to the district attorney. Counsel for appellant told Boyd that defendant was paying for the same, and therefore had a right to examine it. Thereupon Boyd turned the statement over to appellant's counsel, and upon examination (the statement being quite lengthy) thereof counsel ascertained it was incomplete, in that some record evidence was omitted. This evidence he had the clerk copy into the statement of facts, and when this was completed, it was too late to be sent that day .(Monday), and the court had adjourned at Clairemont, and the district judge had left said town for his home at Haskell, which is some one hundred miles from Snyder. On Tuesday morning, April 17, appellant's counsel, properly addressed and mailed, with all postage prepaid, said statement to the district judge at Haskell, for his approval. Before the statement left Snyder for Haskell, Joe Boyd received a 'phone message from the district attorney, stating that he wanted to read the statement of facts, and not to forward the same until he had such opportunity; that the district attorney would likely get home about 2 o'clock of April 17. Boyd requested appellant's counsel to get the statement out of the mail, as the stenographer had instructed him to turn the same over to the district attorney, which appellant's counsel did, and on April 17, on the arrival of the district attorney, turned the same over to him for examination. That after examination of the statement by the district attorney, it was properly addressed and stamped, and placed in the mail at Snyder by appellant's counsel for transportation to H. R. Jones, district judge, at Haskell, Texas, to which place it could not reach until the morning of April 20, 1906, which would be one day after the expiration of the twenty days granted by the court. The statement of facts was not approved until the 21st day of April, 1906, and filed on April 23.

The above is a substantial statement of the affidavits filed by appellant's counsel in an effort to show diligence as to why the statement

was not filed within the twenty days required by law. It will be seen that appellant's counsel made no effort to hurry the stenographer in the preparation of the statement, and did not know whether or not he was working on the same, or had prepared the same, until the 16th of April. This shows such negligence as deprived him of the statement of facts. If he had exercised any diligence to have procured the statement from the stenographer, and the stenographer had persistently refused or failed, then it would have been his duty to have applied to the judge in order to get him to assist in an effort to have the stenographer prepare the statement. None of this was done. We do not understand that the Act of the Twenty-Ninth Legislature, p. 219, authorizing stenographic reports of the evidence, repeals articles 1379 to 1382, Revised Civil Statutes, 1895, as to preparing statement of facts. See Mundine v. State, decided Austin Term, 1906 (pending now on rehearing). It was certainly his duty to use his best efforts to procure the same from the stenographer. The facts above copied show no such effort. We hold it was due to the laches of appellant's counsel that the statement was not secured. Therefore it follows that the statement of facts cannot be considered.

The bills of exception cannot be considered, even had they been approved by the judge (and they were not so approved), because they were filed out of term time, and there was no order allowing them to be filed after the adjournment of the term.

In the absence of statement of facts and bills of exception, the errors complained of cannot be reviewed, since there is no way of ascertaining whether there was any error in the rulings of the court that injured appellant's rights.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, Presiding Judge (dissenting).—I cannot agree to this opinion. I dissented in the case of Mundine v. State, because of the construction placed on the Act of the Twenty-Ninth Legislature by my brethren. It is hardly necessary to further dissent. The opinion in this case demonstrates the injustice of the construction given that law. It would be difficult to imagine a harsher case. The right to a statement of facts on appeal now depends on whether the stenographer sees proper to write it in time to file in twenty days. I cannot agree to such a rule.